PHILIP D. GRISWOLD v. JANE BARKER.

[In Chancery.]

*Mortgage. Bail Forfeited. Chancer.*

The mortgage was executed to secure the petitioner for becoming bail by way of recognizance for the mortgagor's son, who had been indicted. On failure of the son to appear at court, the bond was forfeited, judgment rendered thereon without *scire facias* preceedings, an execution issued, and the amount was paid by the petitioner; *Held*, on a proceeding to foreclose the mortgage, that it is immaterial whether the judgment for the penalty and the execution were void, as that objection is merely technical, and the petitioner's liability would continue; nor was the petitioner bound to delay payment that a motion to chancer might be interposed.

FORECLOSURE of mortgage. Heard on the pleadings and a special master's report, September Term, 1882, VEAZEY, Chancellor. Bill dismissed.

It appeared that Alonzo W. Barker, a son of the defendant, was arrested by virtue of a warrant issued by the County Court upon an indictment found against him for the illegal sale of liquor; that the petitioner, March 18, 1880, became bail for said Alonzo; that the mortgage was executed August 24, 1880; that the mortgage contained this: "Now if said Jane Barker shall indemnify and save and keep said Griswold free and clear of and from all loss, cost, trouble, or expense, on account of his becoming bail as aforesaid, then this obligation to be null and void," etc. It further appeared:

"It was understood that said Alonzo W. Barker was not to appear in accordance with said recognizance, and he did not appear. At the March Term of said court, 1880, the bond was called and forfeited, and judgment rendered thereon for the penalty named in the bond. Execution on said judgment was issued on the 16th day of August, 1880, against said Alonzo W. Barker and said Griswold.

"The above-mentioned proceedings were all as shown by the docket entries in said cause.

"The sheriff who had the execution for collection, pressed said Griswold for the payment of it, and insisted that, if said Alonzo W. Barker did not pay it, said Griswold must. Said Griswold, after the execution was in the hands of the sheriff, had several interviews in relation thereto with said Alonzo W. Barker, who told him that his counsel said that nothing could be done about the matter until the recognizance should be sued on *scire facias*.

"It was claimed by said counsel that said judgment and execution were void, and that *scire facias* upon the recognizance was the proper method of enforcing the forfeiture thereof; and said Griswold was seasonably notified by them of that claim, and that he must not pay the execution.

"Said Alonzo W. Barker not having taken care of said execution, said Griswold paid it on the 13th day of October, 1880."

*John Howe* and *P. R. Kendall*, for the orator.

No surety is obliged to be sued; if in the exercise of good faith and reasonable judgment he believes that defence would be unavailing, he has the right to release himself by payment. Unless the claim be known to the surety to be "void for fraud or immorality," he may recover it after payment, of the principal. *Ford* v. *Keith*, 1 Mass. 138; Big. Est. 66, *n.* 2; *Smith* v. *Lincoln*, 54 Vt. 382; *Shaw* v. *Lord*, 12 Mass. 447; De Col. Guar. 316; 34 Vt. 235. Barker took no steps—by petition or motion—to determine the validity of the execution. *Catlin* v. *Bank*, 36 Vt. 572; *Hapgood* v. *Goddard*, 26 Vt. 401; Rob. Dig. 313. But granting all that the defendant claims, the petition should not be dismissed. De Col. Guar. 308; Rob. Dig. 561; 13 Vt. 81.

*Bromley & Clark* and *H. H. Harman,* for the defendant.

The execution was void. There was no appearance, and no service of process. Under the Act of 1868, before judgment can be rendered against a surety in a criminal recognizance, these conditions must exist: (1) the recognizance must be forfeited for a breach of its conditions; (2) the sureties must have appeared at the term of forfeiture, and moved to chancer; (3) the court must hear the motion, and render judgment thereon. None of these existed except the first. The court had no jurisdiction over the surety; therefore, the judgment was void. Freem. Judg. 87. *See People* v. *Baker,* 76 N. Y. 78. The orator's liability became expressed in a void execution; and he was notified by the defendant's counsel, not to pay the sum demanded.

The opinion of the court was delivered by

ROWELL, J. The judgment of forfeiture fixed the petitioner's liability to such an extent that he had a right to pay without waiting to be forced, if no sufficient reason existed as between him and the defendant why he should not, and none appears. Conceding that the judgment for the penalty and the execution issued thereon were void, as contended, that objection was merely technical, as the petitioner's liability continued notwithstanding, and proper proceedings could have been instituted at any time to enforce it.

Nor was the petitioner bound to delay payment that a motion to chancer might be interposed. There had been ample opportunity for such a motion, but it had not been made; nor does it appear that there was any ground for making it, and probably there was none. The case then is this: The petitioner was under obligation on his recognizance, without defence on the merits or ground for a motion to chancer, and so he paid, as well he might.

If authority is needed, we have it in *Curtis* v. *Banker,* 136 Mass. 355, which was thus: Defendant gave plaintiffs a bond of indemnity for becoming sureties on the official

bond of Holman, a paymaster in the army. Holman defaulted, and the Government sued his bond without first demanding of him or the plaintiffs payment of the deficit. Plaintiffs knew of no defence, and were advised that there was none, and so, after vainly endeavoring to obtain relief through the Court of Claims, they suffered a default and paid the judgment, and brought this suit on defendant's bond of indemnity. Defendant objected that under their bond to the Government there could have been no legal default nor legal compulsion on plaintiffs to pay, until demand on them or Holman, and that by consenting to a default they had waived a legal defence. But the court said that if the defence suggested might have been made, it was entirely technical in its character, as it would have operated only to defeat the suit as then brought, and been no bar to a suit brought after proper demand, and that whatever might have been the case had there been a good defence on the merits, plaintiffs' failure to interpose a purely technical defence, although known to them, would not prevent their recovery, for it could not be ruled as matter of law that they were bound to make such defence.

Decree reversed, decree for the petitioner, and cause remanded, with mandate.